**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GAB COMMERCIAL PROPERTIES LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-215-JWD-SDJ** |
| **ATLANTIC CASUALTY INSURANCE COMPANY, ET AL** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 14, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GAB COMMERCIAL PROPERTIES LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-215-JWD-SDJ** |
| **ATLANTIC CASUALTY INSURANCE COMPANY, ET AL** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

For the reasons set forth below, the Court recommends that this matter be remanded to the 23rd Judicial District Court, for the Parish of Ascension, Louisiana.

## I. BACKGROUND

On March 13, 2025, Defendants, Atlantic Casualty Insurance Company and Scottsdale Insurance Company, removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] In its Notice of Removal, Defendants asserts that Plaintiff GAB Commercial Properties, LLC, is a citizen of Louisiana; Scottsdale Insurance Company was and is incorporated under the laws of Ohio, with its principal place of business in Arizona; and Atlantic Casualty Insurance Company was and is incorporated under the laws of North Carolina, with its principal place of business in North Carolina.[2]

On August 18, 2025, Plaintiff GAB Commercial Properties, LLC, filed its first Motion for Leave to File Plaintiff's First Supplemental, Amended and Restated Complaint.[3] In its Motion, Plaintiff sought to join new defendants pursuant to Fed. R. Civ. P. 20(a). Plaintiff sought to add

---

[1] R. Doc. 1 at 2.
[2] *Id.* at 2, 3.
[3] R. Doc. 17.

Dylan Manale, a person of full age of majority domiciled in the Parish of Jefferson, State of Louisiana; and Lone Wolf Renovation, LLC, a Louisiana liability company, with domicile address of 2882 Cleary Avenue, Metairie, Louisiana 70002 located in the Parish of Jefferson, State of Louisiana.[4] On September 22, 2025, this Court granted Plaintiff's Motion for Leave to File Plaintiff's First Supplemental, Amended and Restated Complaint.[5]

On May 19, 2026, a Notice of Settlement was filed by Scottsdale Insurance Company.[6] Subsequently, a status conference was held on May 19, 2026, before United States Magistrate Judge Scott D. Johnson. Counsel for the Plaintiff informed the Court that a settlement had also been reached with Defendant Atlantic Casualty Insurance Company, resolving all claims and that a Notice of Settlement would be forthcoming. A Notice of Settlement was subsequently filed on May 19, 2026.[7] Counsel for Plaintiff noted that there were remaining claims against Defendants Lone Wolf Renovations, LLC, and Dylan Menale, which were added as parties in Plaintiff's First Supplemental, Amended and Restated Complaint. Counsel for Plaintiff also noted that the remaining Defendants are citizens of Louisiana.[8] Thus, it became apparent that the Court lacks diversity subject matter jurisdiction over this matter, and the undersigned informed the parties that he would recommend the case be remanded for lack of jurisdiction.

## II. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

[4] Dylan Menale is the owner/operator of Lone Wolf Renovation, LLC.
[5] R. Doc. 21.
[6] R. Doc. 35.
[7] R. Doc. 36.
[8] R. Doc. 37.

different States," and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Here, because Plaintiff and Defendants Dylan Menale and Lone Wolf Restoration LLC are not diverse, the court lacks subject matter jurisdiction.

## III. CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** that the case be remanded to 23rd Judicial District Court, for the Parish of Ascension, Louisiana.

Signed in Baton Rouge, Louisiana, on July 14, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**